UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMAN ARZU,

    Plaintiff,

v.                                                     Case No. 8:09-cv-01620-T-24-TGW

MAR'S HOUSING & COMMUNICATIONS,
INC., a Florida Profit Corporation, and
OMAR CABALLERO, individually,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Clerk's Default (Doc. 19) against both Defendant Mar's Housing & Communications, Inc. ("Mar's") and Defendant Omar Caballero. For the following reasons, the Motion is GRANTED with respect to Mar's but is DENIED with respect to Caballero.

**I.    Background**

On August 17, 2009, Plaintiff filed a Complaint against Defendants. (Doc. 1.) Defendants were represented by counsel and filed an Answer and Affirmative Defenses to the Complaint. (Doc. 7.) Thereafter, Defendants' counsel moved to withdraw (Doc. 15), and the Court granted that Motion (Doc. 16). In its Order, the Court warned Defendant Mar's that because it was a corporation, it could not appear and be heard in Court without an attorney. Pursuant to Local Rule 2.03(d), the Court directed Mar's to file a notice of appearance of new counsel by April 8, 2010. Mar's has filed no such notice with the Court and, as a corporation, may not proceed pro se. Therefore, Plaintiff's Motion is GRANTED with respect to Mar's.

The Court also directed Caballero to file a notice of appearance of new counsel by April

8, 2010, otherwise he would be deemed to be proceeding pro se. Caballero has filed no notice with the Court but, as an individual, he may now proceed pro se. Plaintiff asserts that Caballero has not contacted Plaintiff's counsel and has not pleaded or defended this case. However, as previously stated, Caballero filed an Answer and Affirmative Defenses to the Complaint on October 28, 2009. (Doc. 7.) Absent additional information, failure of a pro se defendant to contact opposing counsel in the manner alleged here is insufficient to warrant entry of clerk's default. Plaintiff's Motion is therefore DENIED with respect to Caballero.

The Court notes that the parties were directed to inform the Court of their choice of a mediator and mediation date by tomorrow, April 15, 2010. Should Caballero fail to confer with Plaintiff's counsel about this filing, Plaintiff should still submit its unilateral choice in compliance with the Court's Order.

**II.     Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Entry of Default is GRANTED with respect to Mar's Housing & Communications, Inc. The Clerk is directed to enter default against Mar's Housing & Communications, Inc.

(2) Plaintiff's Motion for Entry of Default is DENIED with respect to Omar Caballero.

(3) The Court's Order directing the parties to inform the Court of their mediator and mediation date on or before April 15, 2010 stands. Should Defendant Caballero fail to confer with Plaintiff's counsel on this matter, Plaintiff should file its own choices by the deadline set by the Court.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of April, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant Caballero
Mar's Housing & Communications, Inc.