UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMAN ARZU,

    Plaintiff,

v.                                                                           Case No. 8:09-cv-01620-T-24-TGW

MAR'S HOUSING & COMMUNICATIONS,
INC., a Florida Profit Corporation, and
OMAR CABALLERO, individually,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 27). For the following reasons, this Motion is denied as moot.

Plaintiff, Norman Arzu, has sued Defendants Mar's Housing & Communications, Inc. ("Mar's") and Omar Caballero, for violation of the Fair Labor Standards Act. (Doc. 1.) Defendants' attorney filed a Motion to Withdraw as Counsel on March 9, 2010 (Doc. 15), which the Court granted (Doc. 16). In its Order, the Court advised Caballero that he should file a notice of appearance of new counsel by April 8, 2010; otherwise, the Court would consider him as proceeding pro se. (Doc. 16.) However, because Local Rule 2.03(d) prohibits corporations from appearing pro se, Mar's was required to file a notice of new counsel by April 8, 2010 or risk an entry of default. (Doc. 16.) Despite the Court's direction, neither Mar's nor Caballero entered a notice of new counsel.

Arzu moved for entry of clerk's default against Mar's and Caballero on April 13, 2010. (Doc. 19.) The Court granted that motion with respect to Mar's only (Doc. 20), and the Clerk entered default against Mar's on April 15, 2010 (Doc. 21). In its order, the Court reiterated its

previous order that the parties inform the Court of their mediator and mediation date by April 15, 2010. (Doc. 20.) On April 15, 2010, Arzu filed a notice of mediation to be held on May 14, 2010 at 1 p.m., a copy of which was sent to Caballero. (Doc. 22.)

Arzu filed a Motion to Compel Defendant to Attend Mediation on May 6, 2010 (Doc. 23), which the Court granted (Doc. 24). On May 11, 2010, Arzu filed a Motion to Appear Telephonically for Mediation (Doc. 25), which the Court denied (Doc. 26). Today, May 12, 2010, Caballero contacted Arzu's counsel and the Court telephonically, stating that he would not be attending mediation. Arzu has now filed a Motion for Reconsideration of its Motion to Appear Telephonically for Mediation (Doc. 27).

A mediation with only one party present would be an extraordinary waste of time and resources.[1] Because the parties have been unable to coordinate themselves with respect to this mediation, because Caballero—despite having more than one month's notice of the mediation—now says that he will not attend, and because Arzu's counsel persists in its request to appear telephonically for an exercise in futility, the Court is now forced to reconsider its previous ruling.

However, because there appears to be no clear solution to make the May 14, 2010 mediation productive, the Court now orders the mediation to be cancelled and rescheduled for a time at which both parties may attend. The parties are directed to file a JOINT Notice of Mediation by May 19, 2010. That mediation is to occur on or before June 16, 2010. Accordingly, Arzu's Motion for Reconsideration (Doc. 27) is DENIED as moot.

---

[1] Indeed, having one party appear for mediation telephonically while the other is compelled to appear in person would also be unproductive.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of May, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record